UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

LERON L. SEALES,                    )
                                    )
        Plaintiff,                  )  Civil Action No. 5: 16-222-JMH
                                    )
v.                                  )
                                    )
WARDEN QUINTANA, et al.,            )          **MEMORANDUM OPINION**
                                    )               **AND ORDER**
        Defendants.                 )

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Inmate Leron L. Seales is confined at the Federal Medical Center in Lexington, Kentucky.  Proceeding without an attorney, Seales has filed a complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  [R. 1]

The Court must conduct a preliminary review of Seales' complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials.  28 U.S.C. §§ 1915(e)(2), 1915A.  When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, Seales alleges that one of the responsibilities of his job at the prison involved cleaning the rectum and penis of sick inmates at the prison after that inmate had used the restroom. Seales states that as a result he was exposed to blood borne pathogens, felt degraded, and was mocked and insulted by other inmates. Seales indicates that he complained about having to perform this task as part of his prison job for more than one year, and while he was initially told that he would be fired if he did not perform this task, eventually the prison transferred this responsibility entirely to nurses. Seales indicates that he was required to perform this task beginning in 2014 until nurses overtook this responsibility in 2016. Seales has named as defendants Warden Francisco Quintana, Nurse Blair, Nurse Smith, and Supervisor Ratliffe, and seeks $18 million in damages. [R. 1 at 2-3, 8]

Having thoroughly reviewed Seales' complaint, the Court concludes that it must be dismissed for a number of reasons. First, Seales' claims are barred by the applicable statute of limitations. Seales alleges that he was forced to perform this task as part of his job responsibilities beginning in 2014, and that he complained about that fact for more than one year. However, the statute of limitations for constitutional tort claims

-2-

arising in Kentucky is one year. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Because Seales waited more than one year after his claims accrued before filing suit, his claims are time-barred, and must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001); *Baker v. Mukasey*, 287 F. App'x 422, 424-25 (6th Cir. 2008) (affirming dismissal of claims upon initial screening as barred by the statute of limitations).

The running of the statute of limitations can be tolled while an inmate exhausts his administrative remedies, *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), but this applies only if he has pursued them diligently, *Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir.2002). Seales began his job as an "Inmate Companion" on January 24, 2014, and signed a form acknowledging that one of his responsibilities including assisting inmates "with bathing and with activities of daily living." [R. 1-1 at 3] Seales further alleges that he was informally complaining about this issue as far back as 2014. However, he did not file a formal grievance regarding the issue until December 9, 2015, twenty-two months after he began performing these kinds of tasks. [R. 1-1 at 1] BOP regulations require an inmate to file a grievance within twenty days after the event complained of, 28 C.F.R. 542.14(a), and his grievance was therefore plainly untimely. Having failed to timely

pursue and exhaust his inmate grievances in a diligent fashion, no tolling is warranted. *Cuco v. Federal Medical Center – Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668 (E.D. Ky. 2006), *aff'd*, 257 F. App'x 897 (6th Cir. 2007).

Second, federal law provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury ..." 42 U.S.C. § 1997e(e). Here, Seales alleges only that he has "night mares (*sic*) and get emotionally disturbed when I think about what I was forced to do ..." [R. 1 at 2] Such alleged purely emotional injuries plainly fail to satisfy § 1997e(e)'s "physical injury" requirement. Cf. *Chatham v. Adcock*, 334 F. App'x 281, 284-85 (11th Cir. 2009) (holding that a plaintiff's claims of anxiousness, nausea, nightmares, hallucinations and increase in blood pressure were not enough to satisfy § 1997e(e)'s physical injury requirement). Nor does Seales' present fear that he was exposed to "bloodbourne disease" suffice: Seales alleges that he was required to clean urine or feces, but makes no allegation that he was exposed to blood, and "a plaintiff who has not been physically injured but who seeks damages for emotional distress based on exposure to disease must establish a reasonable concern that he or she has an enhanced risk of future disease." *Michel v. Levinson*,

-4-

437 F. App'x 160, 163 (3d Cir. 2011). Seales' complaint makes no such allegations, and § 1997e(e) therefore bars his claim.

Finally Seales' allegations fail to state a claim of constitutional dimension because, contrary to his assertions, prison officials did not "force" him to engage in the activity about which he complains at all. Rather, cleaning the urine and feces of other inmates was one of his responsibilities as an "Inmate Companion." But federal inmates are not required to hold or retain a particular job in the prison. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989); *Mejia v. Ortiz*, No. 11-937(NLH), 2014 WL 2812015, at *3-4 (D.N.J. June 23, 2014) (collecting cases). To the contrary, the availability of working in the prison is a potential benefit which prisoners may choose to avail themselves, not a right to which they are entitled. Nor do prisoners have any protectible due process liberty or property interest in retaining a prison job. Cf. *Cosco v. Uphoff*, 195 F.3d 1221, 1224 n.3 (10th Cir. 1999); *Miller v. Benson*, 51 F.3d 166, 170 (8th Cir. 1995); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Seales, having voluntarily chosen to accept a position as an Inmate Companion and signed an acknowledgement of the responsibilities it entailed, cannot contend that he was "forced" to perform the tasks required by the job when he could have voluntarily chosen to quit the position or seek another. See generally *Smith v. Lief*, No. 10-08-JMH, 2010 WL 411134, at *3-4 (E.D. Ky. Jan. 27, 2010). For

-5-

each of the foregoing reasons, the plaintiff's complaint must be dismissed.

Accordingly, **IT IS ORDERED** that:

1.   Seales' complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2.   The Court will enter a judgment contemporaneously with this order.

3.   This matter is **STRICKEN** from the docket.

This 8th day of December, 2016.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge